PER CURIAM.
Appellant appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of grounds one, and three through nine of Appellant’s motion; however, we reverse and remand for the trial court to conduct an evidentiary hearing or to attach records conclusively refuting Appellant’s claim that trial counsel was ineffective for allegedly giving incorrect legal advice regarding the elements of sexual battery. On appeal from a summary denial of a facially sufficient motion, this court must reverse unless the postconviction record conclusively shows that the appellant is entitled to no relief. See Fla. R.App. P. 9.141(b)(2).
Appellant argued that prior to rejecting a plea offer, his attorney advised that the State had to establish actual penetration in order to prove sexual battery. See § 794.011(l)(h), Fla. Stat. (defining sexual battery as “oral anal, or vaginal .penetration, or union with, the sexual organ of another ... ”). Appellant alleged he would have accepted the offer had he known that proving penetration was not required for a conviction. The State responded that Appellant could not reasonably rely upon his counsel’s alleged misadviee because he was made aware of the charges both during jury selection and during the charging conference after the evidence was presented, yet Appellant failed to raise an objection. The postconviction court adopted the State’s response to Appellant’s motion and incorporated it by reference. Appellant’s argument, however, is not that he was unaware of the charges, but that his attorney made an incorrect statement regarding the proof required to sustain the charges. Although a transcript of the plea hearing is included in the record, it does not conclusively refute Appellant’s claim.
AFFIRMED in part, REVERSED in part, and REMANDED.
WOLF, THOMAS, and CLARK, JJ., concur.